Justice KITTREDGE,
dissenting.
Because I believe the court of appeals properly dismissed the appeal as interlocutory, I respectfully dissent.
I reject any suggestion that perceived error in the trial court’s bifurcation order impacts the appealability question. The majority is convinced that the trial court erred in bifurcating the plaintiffs’ (the Morrows) claims against the Magnolia Place nursing home and corporate defendants (Fundamental Entities). The majority agrees with the Morrows that the trial court order “is based on a material misunderstanding of their claims” and that “the trial court order conflates the theories of vicarious liability and direct liability.” After discussing the law concerning direct and vicarious liability, the majority “finds that the trial court’s order misapprehended the nature of the Morrows’ claims against the Fundamental Entities.” This perceived error in the bifurcation order, in my judgment, is a central feature of today’s decision. Yet, error *541 in an order granting or denying bifurcation does not transform the order into an appealable one.
Even if I were to accept the Court’s premise of error in the bifurcation order, I would still resist the temptation to find the interlocutory order immediately appealable. This is because the Morrows are in no manner precluded from appealing a subsequent, and truly final, order preventing their claims against the Fundamental Entities from going forward.[1] The Court nevertheless concludes that the trial court order implicates a “substantial right” pursuant to section 14-3-330(2)(a), which allows an appeal from an interlocutory order when the order “in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action.” The bifurcation order before us neither discontinues their action against the Fundamental Entities nor prevents a judgment from which an appeal may be taken should (and we are speculating) the Morrows be precluded from pursuing their claims against the Fundamental Entities.
I am concerned that today’s loose construction of section 14-3-330 undermines the final judgment rule. I would affirm the court of appeals.
PLEICONES, J., concurs.

. This highlights another concern. Assuming the Morrows’ claim against Magnolia Place is successful, the additional claims against the Fundamental Entities would proceed in the normal course pursuant to the bifurcation order. In that event, the Morrows would have no reason to appeal.